1  Lisa J. Borodkin State Bar No. 196412
   Lisa_borodkin@post.harvard.edu
2  4027 Camero Avenue
   Los Angeles, California 90027
3  Phone: (323) 337-7933

4

5  Attorney *pro se* for Plaintiff, Lisa Jean Borodkin,
   doing business as Lisa J. Borodkin, Attorney at Law

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 LISA JEAN BORODKIN, doing          CIVIL ACTION NO. CV13-00025-DSF
   business as Lisa J. Borodkin, Attorney              (VBKx)
12 at Law,
                                      VERIFIED COMPLAINT FOR:
13
                Plaintiff,            (1) VIOLATION OF THE
14                                        COMPUTER FRAUD AND
                                          ABUSE ACT (18 U.S.C. § 1030)
15     vs.                            (2) VIOLATION OF THE STORED
                                          COMMUNICATIONS ACT (18
16 ZUBER, LAWLER & DEL DUCA              U.S.C. § 2701 ET SEQ.)
   LLP, a Partnership, JEFFREY JOHN
17 ZUBER, an individual, PATRICK     (3) VIOLATION OF THE
   LOUIS DEL DUCA, an individual,        WIRETAP ACT OF 1968, AS
18 JOHNNY DARNELL GRIGGS, and            AMENDED BY THE
   individual                            ELECTRONIC
19                                        COMMUNICATIONS PRIVACY
                Defendants.              ACT (18 U.S.C. § 2510 ET SEQ.)
20
                                      (4) FRAUD
21
                                      (5) CONVERSION
22
                                      (6) CALIFORNIA BUSINESS AND
23                                        PROFESSIONS CODE § 17200

24
                                      AND FOR INJUNCTIVE RELIEF
25
                                      DEMAND FOR JURY TRIAL
26

27

28
                                         1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

CV13-00025

PAID

JAN - 2 2013

Clerk, US District Court
COURT 4612

**JURISDICTION AND VENUE**

1.     This Court's jurisdiction over the federal claims in this matter is proper pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a), and over the substantial and related state law claims under 28 U.S.C. § 1367 because the Complaint here raises a federal question under the provisions of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. ("CFAA"); the Wiretap Act of 1968, as amended by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., the Stored Communications Act, 18 U.S.C. § 2701 et seq., and includes pendant state law claims.

2.     This Court may exercise personal jurisdiction over Defendants based on their contacts with this forum, including at least, regularly and intentionally transacting business within Los Angeles County, California as well as the making or performance of a contract or promise substantially connected with California, including contractual provisions for choice of law and selection of California law.

3.     Venue is proper within the Central District of California pursuant to 28 U.S.C. §§ 1391(b), (c), 1400(a) in that defendants or their agents may be found in this district, and a substantial number of the acts or omissions giving rise to plaintiff's claim occurred in the Central District of California. In addition, the Defendants have consented to jurisdiction and venue in this Judicial District by contractual agreement.

**PARTIES**

4.     Plaintiff Lisa Jean Borodkin, doing business as Lisa J. Borodkin, Attorney at law ("Plaintiff" or "Ms. Borodkin") is a licensed attorney in the States of California and New York actively practicing in the state of California and is a citizen of the State of California.

5.     Upon information and belief, Defendant Zuber, Lawler & Del Duca LLP ("ZLD") is a law practice formed as a limited liability partnership doing business in the states of California, New York and Georgia and is a citizen of the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

state of California with its principal place of business at 777 South Figueroa Street, 37th Floor, Los Angeles, California 90071.

6. Upon information and belief, Defendant Jeffrey John Zuber, Esq. ("Jeff Zuber") is a citizen of the state of California and is a co-owner of ZLD.

7. Upon information and belief, Defendant Patrick Louis Del Duca, Esq. ("Del Duca") is a citizen of the state of California and is a co-owner of ZLD.

8. Upon information and belief, Defendant Johnny Darnell Griggs, Esq. ("Griggs") is a citizen of the state of California and is a non-equity partner of ZLD. Upon information and belief, Defendants Jeff Zuber and Griggs are alleged to be the dominant forces of the actions of Defendant ZLD alleged in this action.

9. The names and identifies of Defendants Doe 1 to 20 are currently unknown, but are responsible in some way for the claims in this action.

10. Defendants ZLD, Jeff Zuber, Del Duca, Griggs and Does 1 to 20 are hereinafter collectively referred to as "Defendants."

## SUMMARY OF ALLEGATIONS

11. This action arises out of Defendants' unauthorized and non-consensual hijacking of Plaintiff's password-protected email account, electronic communications and electronically stored information, and private email and telephone messages communicated to and from Plaintiff under reasonable expectations of privacy under the circumstances, Defendants' malicious refusal to terminate her former email address and direct dial telephone number despite her demand, and Defendants' false representations to telephone callers that they do not know her current phone number.

12. Defendants have taken and continue to hold Plaintiff's password-protected email and telephone communication channels hostage and continue to hold these lines of communication hostage intentionally, with knowledge of the illegality of their actions, with intent to defraud and harm Plaintiff, to collect information about Plaintiff's activities and professional work to the detriment of

Plaintiff's prospective and existing professional relationships, to interrupt Plaintiff's access to electronic and telephone channels of communication to which Plaintiff rightfully has access, to compete with Plaintiff unfairly, and maliciously to deprive Plaintiff of the means to discharge her duties of competence and loyalty to her clients, continue in her profession, or to assert her rights against Defendants or otherwise, with no legitimate purpose and greatly in excess of any authorization, express or implied, ever been granted by Plaintiff to Defendants.

13.    Defendants have invaded Plaintiff's privacy and that of her clients and potential clients by, *inter alia*, eavesdropping on and intercepting privileged and confidential electronically stored information, privileged and confidential communications, electronic attorney work product, despite Plaintiff's demands that Defendants cease their surveillance, turn over all confidential communications directed to Plaintiff, and cease diverting to their own illegal purposes confidential electronic and telephonic communications and provide Plaintiff her personal attorney work product in electronic form.

14.    Defendants have made fraudulent statements to Plaintiff, including a promise that her client's matters were being handled in a timely fashion, that Defendants would forward all personal communications to her, and that they had provided all client information stored in electronic form.

15.    Defendants have made fraudulent statements to third parties, including that they do not have a current phone number for her, despite their frequent contacting of Plaintiff.

16.    Defendants have converted Plaintiff's personal property and work product to their own illegitimate ends and failed and refused to provide Plaintiff client files and electronic work product, despite Plaintiffs' demand.

17.    Plaintiff seeks a Permanent Injunction, costs, and attorneys' fees as authorized by the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, the Stored Communications Act, the California Invasion of Privacy Act, and otherwise as permitted by law.

**PLAINTIFF'S INTERNET LAW PRACTICE**

18.    Plaintiff is a nationally known intellectual property and internet law litigator, technology law web television commentator, blogger and journalist. She has been a citizen of the United States her entire life.  She has been practicing law since her admission to the California State Bar in 1998. She received her J.D. from Columbia University School of Law in 1995.

19.    Prior to entering private practice, Plaintiff served in government service as a law clerk at the United States Department of Justice in 1995, as a judicial law clerk for the Honorable I. Leo Glasser, a United States District Court Judge in the Eastern District of New York in Brooklyn, New York, from 1995 to 1996, and as a judicial law clerk for the Honorable Diane P. Wood, a United States Court of Appeals Judge for the United States Court of Appeals for the Seventh Circuit in Chicago, Illinois, from 1996 to 1997.

20.    Prior to her business relationship with ZLD, Plaintiff had her own law practice in Los Angeles from January 2008 to July 2012.

21.    Plaintiff devotes hundreds of hours per year providing *pro bono* legal services for cases of national importance affecting the average citizen's right to free speech over the internet, right to be free from online harassment and cyberbullying, and right to be free from unwarranted intrusions into privacy by actions taken online.

22.    Plaintiff has been a recurring co-author of a social media legal ethics column for *California Lawyer* magazine, and is sought out on a regular basis to speak on legal panels concerning issues of privacy in Internet law, e-commerce best social media practices, and privacy of smartphone data.

23.    Plaintiff is a recurring guest on the nationally syndicated weekly web television program, "This Week in Law" and co-created and co-hosted an original live web television series on technology law, "TechZulu Law."

24.    Plaintiff participates in academia as a recurring guest lecturer at University of Southern California's Gould School of Law and Annenberg School

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND**

of Journalism on the subjects of telecommunications law and media law, and has presented at a Whittier Law School Symposium on Law of the Smartphone.

25.     Plaintiff's prominence and success in cutting-edge test cases involving online defamation, unfair business practices, cyberbullying, anonymous hate speech, libel and online business torts, has lead to Plaintiff being frequently sought out for client engagements including through her online social media profiles, referrals from existing clients, and colleagues in the community.

### THE AGREEMENT WITH DEFENDANT ZLD

26.     Beginning in December 2011, Defendant ZLD recruited Plaintiff to merge her law practice with ZLD's under a shared resources and income split agreement.

27.     On August 6, 2012, Plaintiff entered into a Counsel Agreement with ZLD, under which, *inter alia*, Plaintiff agreed to share with ZLD at least 50% of all legal fees earned by her, or from clients she introduced to ZLD ("Agreement"). A true and correct copy of the Agreement is attached to this Complaint as **Exhibit "1."**

28.     Implied in the Agreement, and observed in the course of performance by the parties to the Agreement, was a covenant that, in exchange for Plaintiff contributing legal fees to ZLD, ZLD would furnish Plaintiff with a private computer and telephone connected to ZLD's networks, password-protected email and voicemail accounts for Plaintiff's use in providing legal services, developing business, promoting her own career and the firm, and conducting confidential client interviews and privileged communication in rendering legal services during the term of the Agreement. Implied in the Agreement was a covenant that such communications would not be intercepted or accessed for any illegitimate reasons by anyone not expressly authorized to do so.

29.     ZLD provided Plaintiff with a dedicated, password-protected email address at lborodkin@zuberlaw.com and a direct-dial telephone number with a

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND**

1  password-protected voicemail account. ZLD provided Plaintiff with business
2  cards printed with her email address and direct-dial telephone number at ZLD.

3      30.    Shortly after the commencement of the term of the Agreement, on or
4  about August 15, 2012, Jeff Zuber assisted Plaintiff in obtaining transfers of
5  paper and electronic client files for clients that Plaintiff introduced to ZLD,
6  including by demanding a complete set of Plaintiff's email through an account
7  Plaintiff used at a law firm for which Plaintiff had provided legal services on a
8  contract basis.

9      31.    On or about August 15, 2012, Jeff Zuber sent a demand email to the
10  other law firm demanding, in sum and substance, that the firm "provide a
11  complete copy of all of Ms. Borodkin's email, as such electronic communications
12  contain client information and are the property of the client." The law firm
13  complied with Jeff Zuber's request by providing a complete copy of Ms.
   Borodkin's email in .pst format on a USB drive the following day.

14      32.    As a result of Jeff Zuber's August 15, 2012 statements and actions,
15  and also because of the California Bar Rule requiring attorneys to retain records
16  of electronic communications with clients, Plaintiff reasonably relied on the
17  assumption that she could continue to store client communications in her email
18  files at her lborodkin@zuberlaw.com email address, especially, since she
19  contributed 50% or more of legal fees from her client matters and work for the
20  upkeep of such overhead and systems, and that such information would be
21  provided by Jeff Zuber and ZLD upon the conclusion, if any, of the term of the
22  Agreement.

23  
24  **BREACH OF THE AGREEMENT AND INVASION OF PRIVACY**
25      33.    On November 16, 2012, Defendant Del Duca and ZLD's Operations
26  Manager, abruptly entered Plaintiff's private office and interrupted her work.
27  
28  

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

34.    Del Duca and ZLD's Operations Manager, announced that Plaintiff was on "Administrative Leave" effective immediately and demanded that she immediately vacate her office, and without taking my files or work in progress.

35.    Del Duca and ZLD's Operations Manger threatened that if Plaintiff did not vacate her office in a matter of minutes, they would call building security to escort her out.

36.    Del Duca and ZLD's Operations Manger did not allow Plaintiff to gather her electronic files or attorney work product in progress, or set up an "Out of the Office" email or an outgoing telephone message on her voicemail.

37.    Plaintiff asked Del Duca and ZLD's Operations Manager, "Is this because I called the Ethics Hotline?" because Plaintiff had consulted the California State Bar Ethics Hotline from her office number earlier that afternoon.

38.    Del Duca tendered to Plaintiff a letter dated November 16, 2012 letter describing the terms of "Administrative Leave."

39.    Del Duca's  November 16, 2012 letter, forbade Plaintiff from communicating with any of the clients she had introduced to ZLD, court personnel or other counsel on my cases.

40.    Plaintiff was then supervising cases for clients in San Diego Superior Court, Los Angeles Superior Court and elsewhere.

41.    On November 16, 2012, I left my office without many critical documents and files I needed to work on, to avoid further humiliation, and further disruption.

42.    On November 16, 2012, Defendants terminated Plaintiff's access to her ZLD email account, including through her smartphone.

43.    Defendants barred Plaintiff from the Los Angeles office and ordered her to direct all her communications regarding case matters through Defendant Johnny Griggs ("Griggs").

44.    Griggs is an employment law partner at ZLD.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

45.   After November 16, 2012, Plaintiff emailed Griggs, Jeff Zuber and Del Duca on several occasions, about the status of ongoing litigation she had been supervising

46.   Plaintiff did not consent to Defendants accessing, intercepting or diverting her ZLD email account messages,

47.   On November 20, 2012, Griggs accessed Plaintiff's ZLD email account without permission to intercept an email she had sent a court reporter from Plaintiff's gmail account, copying only Plaintiff's ZLD email account for record keeping, The email was to provide corrections to the trial transcript.

48.   Griggs copied Jeff Zuber and Del Duca on a reply email to me, stating "I have received your email correspondence of 12:55 this morning to [court reporter] in which you request a copy of the rough transcript of the November 15, 2012 hearing . . Your request violates the terms of your administrative leave."

49.   Griggs without permission intercepted another confidential email from one of Plaintiff's entertainment clients that had been sent on November 17, 2012. Griggs did not forward this client's email to Plaintiff until November 20, 2012.

50.   On November 26, 2012 Griggs intercepted and never delivered to Plaintiff an email from a large law firm partner with the subject line "Counsel Referrals" for Ms. Borodkin's personal potential employment law claims.

51.   Griggs intercepted and never delivered to Plaintiff emails dated November 23, 2012, November 26, 2012 and December 4, 2012 from a potential client, Michael Roberts, concerning potential attorney employment with a minimum $20,000 to $250,000 initial litigation retainer. Roberts later told Plaintiff he thought she was ignoring his request for a consultation.

52.   On November 26, 2012, Plaintiff expressly informed Griggs, Jeff Zuber and Del Duca that she did not consent to them or any others invading her privacy in her electronic communications, reading her privileged ZLD email

account communications or confidential attorney work product stored in her ZLD email account and computer.

53.     On November 27, 2012, Plaintiff consulted the California State Bar Ethics Hotline, The Hotline researcher opined that Defendants' demand that Plaintiff cease working for or communicating with clients violated California Professional Rule of Conduct 1-120 (Prohibiting putting an attorney at risk of violating Rules of Professional Conduct) due to the interference with my duty to act competently under Rule of Professional Conduct 3-110. The Hotline researcher provided a number of cases and authorities confirming these legal obligations.

54.     On November 27, 2012 at 12:16 p.m., Plaintiff emailed Jeff Zuber, Del Duca and Griggs, summarized the call with the State Bar Ethics Hotline, and provided the citations to the authorities provided.

55.     Shortly thereafter, Jeff Zuber informed the Los Angeles Superior Court clients that ZLD was terminating its engagement, with no reason given.

56.     On November 28, 2012, Del Duca emailed Plaintiff a letter changing her status from "Administrative Leave" to terminating the Agreement.

57.     One reason given in Del Duca's November 28, 2012 letter was "Failure to Comply with Terms of Administrative Leave" by "continuing to communicate with, or attempting to communicate with Firm clients."

58.     On December 3, 2012, Griggs intercepted a privileged communication from Plaintiff's own attorney in the Arizona case.

59.     On Thursday, December 6, 2012, in an approximately hour-long telephone conversation with Griggs. Plaintiff asked Griggs, among other things, for my complete Outlook email (.pst) file for her ZLD email account, an accounting under the Agreement.

60.     On December 6, 2012, Plaintiff expressly asked Griggs to stop reading her confidential incoming emails to my ZLD email account, to terminate

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

the account and create an automated email reply that would inform email senders of Plaintiff's current email and phone number.

61.    Griggs refused to stop monitoring Plaintiff's ZLD email account, refused to shut off Plaintiff's ZLD email account, refused set up the automated response, refused to provide the email messages he was intercepting, and also refused to tell Plaintiff how long he intended to intercept and monitor communications to my ZLD email account.

62.    On or about December 14, 2012, Defendants falsely told counsel for a co-defendant in the Los Angeles County Superior Court case, who had called to give *ex parte* notice, that ZLD does not have Plaintiff's current phone number.

63.    Defendants also failed to tell Plaintiff about at least two telephone messages from the attorney's service she used in the San Diego Superior Court case. Thereafter, on December 19, 2012, the attorneys' service told Plaintiff, "I left you a couple of messages and was wondering why you didn't call me back."

64.    Griggs intercepted and did not timely deliver to Plaintiff emails on approximately December 14, 2012concerning the *ex parte* application and pleading response extensions in the Los Angeles Superior Court matter for the client for which ZLD had failed to meet the motion filing deadline for the December 17, 2012 hearing.

65.    On or about December 20, 2012, Plaintiff asked opposing counsel about the response date for a pleading and opposing counsel said, "Oh, I guess you haven't been receiving the emails."

66.    On December 18, 2012, in response to a downloading link that included less than all of the Los Angeles Superior Court client's electronic communications, Plaintiff demanded the rest of her email communications and work product from Jeff Zuber and Griggs, and said "Please let me know if anything less than a court order can accomplish this."

67.    Jeff Zuber's response was to scold Plaintiff and refer her to Griggs.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

68.   In email dated December 18, 2012, Plaintiff stated to Jeff Zuber, "I assume from your response also that I will need to obtain a court order for the rest of my email and work product."

69.   On December 27, 2012, Del Duca sent Plaintiff a letter indicating that ZLD intends to not to account and pay under the Agreement, and that ZLD may have claims against her.

70.   Del Duca's letter did not offer to turn over Plaintiff's electronic communications and work product before or after November 16, 2012.

## FIRST CLAIM FOR RELIEF FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT 18 U.S.C. § (18 U.S.C. § 1030))
### (Against All Defendants)

71.   Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

72.   Plaintiff never gave her passwords to her computer or ZLD email account to Jeff Zuber, Del Duca or Griggs or otherwise authorized them to access her electronically stored messages, work product or personal information.

73.   Defendants, through means of one or more interstate communications, intentionally accessed the password-protected email accounts on Plaintiff's computer system without authorization and/or exceeded the access authorized by Plaintiff.

74.   As a direct result of said conduct, Defendant accessed and obtained confidential and proprietary business information from a protected computer in interstate commerce, including intercepting a diverting a client engagement inquiry from a potential client based in Brisbane, Australia seeking to engage Ms. Borodkin for a litigation matter for a minimum initial retainer of $20,000 to $250,000.

75.   Defendants took these actions deliberately, intentionally, knowingly, and maliciously, and intentionally exceeded any authorization ever granted by Plaintiff.

76.     As a direct and proximate result of the above-alleged acts and conduct by Defendants, Plaintiff has suffered a loss of at least $5,000.

77.     Defendants' acts greatly and irreparably injure Plaintiff and will continue to so injure Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law.

78.     Pursuant to 18 U.S.C. § 1030(g), Plaintiff is entitled to compensatory damages and/or an injunction against Defendants' continuing accessing, diversion, distribution, and exposing Plaintiff's confidential and proprietary communications, secrets, client and potential client contacts and attorney work product.

## SECOND CLAIM FOR RELIEF VIOLATION OF THE STORED COMMUNICATIONS ACT (18 U.S.C. § 2701 ET SEQ.)
### (Against All Defendants)

79.     Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

80.     Defendants accessed without Plaintiff's authorization stored private electronic information belonging solely to Plaintiff, including attorney work product and communications stored in electronic form.

81.     Defendants' accessing Plaintiff's confidential information stored in electronic form violated the Stored Communications Act, 18 U.S.C. § 2707 ("SCA").

82.     ZLD's computers, servers and Plaintiff's computer and ZLD email account are "facilities" within the meaning of the SCA.

83.     Defendants were aware that Plaintiff had stored private information in electronic form on her computer and in her ZLD email account.

84.     Defendants intentionally and willfully disclosed Plaintiff's private information stored in electronic form to themselves and third parties without Plaintiff's authorization or consent.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

85.     Defendants were aware that their accessing Plaintiff's private, stored electronic information would result in disclosure to third parties that were not the intended recipients.

86.     Plaintiff is entitled to compensatory damages and/or an injunction under 18 U.S.C. §2707(b) against Defendants' continuing accessing, diversion, distribution, and exposing Plaintiff's confidential and proprietary communications, secrets, client and potential client contacts and attorney work product.

87.     Pursuant to Plaintiff is entitled to enhanced or punitive damages under 18 U.S.C. § 2707(c) for Defendants' intentional, willful conduct.

88.     Pursuant to 18 U.S.C. § 2707(b)(3), Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## THIRD CLAIM FOR RELIEF VIOLATION OF THE WIRETAP ACT OF 1968, AS AMENDED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 U.S.C. § 2510 ET SEQ.)
### (Against All Defendants)

89.     Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

90.     Defendants intercepted electronic communications intended for Plaintiff through her ZLD email account simultaneously with their transmission, including by having Plaintiff's emails go straight to Defendant Griggs rather than Plaintiff for constant monitoring from and after November 16, 2012.

91.     Defendant's unlawful, simultaneous interception of Plaintiff's emails violate the Federal Wiretap Act, as amended by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a), 2520(a).

92.     Plaintiff is entitled to compensatory damages and/or an injunction under 18 U.S.C. § 2520(b)(1) against Defendants' continuing accessing, diversion, distribution, and exposing Plaintiff's confidential and proprietary

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

communications, secrets, client and potential client contacts and attorney work product.

93.    Plaintiff is entitled to enhanced or punitive damages under 18 U.S.C. § 2520(b)(2) for Defendants' intentional, willful conduct in violation of the FWA.

94.    Plaintiff is entitled to attorneys fees and costs of suit under 18 U.S. § 2520(b)(3) for Defendants' intentional, willful conduct in violation of the FWA.

## FOURTH CLAIM FOR RELIEF FOR FRAUD
### (Against Defendants Jeff Zuber, Del Duca and Griggs)

95.    Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

96.    On November 20, 2012, Plaintiff asked Griggs to report on the status of a motion for attorneys' fees for Plaintiff's Los Angeles Superior Court clients that had a filing deadline of November 23, 2012 for a December 17, 2012 hearing date.

97.    On November 21, 2012, Griggs Plaintiff an email statting "Your concerns that matters are not being attended to properly are not well founded. As I assured you earlier, . . . any . . . matters in which you have been involved are being attended to in a timely manner." Griggs copied Jeff Zuber and Del Duca on the email.

98.    Grigg's statements were false, in that no attorney at ZLD was attending to the motion for attorneys' fees due to be filed November 23, 2012, and ZLD in fact failed to file the attorneys' fee motion by the dealine.

99.    Griggs, Jeff Zuber and Del Duca knew Grigg's statements were false, in that they were intimately familiar with the matters Plaintiff was handling and knew that Plaintiff had previously discussed the need to file the attorneys' fee motion with each of them or copied them on emails asking to know the status of the motion, and knew that the current case information, Plaintiff's emails and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

ability to contact staff and ZLD personnel were within Defendants' sole control, as Defendants had terminated Plaintiff's access to her ZLD email, computer, servers, networks, and colleagues and staff at ZLD.

100. Griggs, Jeff Zuber, and Del Duca intentionally induced Plaintiff to rely on the false statement by demanding that Plantiff cease working on the matter for the Los Angeles Superior Court clients and refrain from communicating with them.

101. In the November 21, 2012 email, Griggs demanded that Plaintiff cease conducting activity on behalf of ZLD's clients, or communicating with them in accordance with the terms of her "Administrative Leave."

102. Plaintiff relied on Grigg's false statement of November 21, 2012 and did not file or seek an extension for the November 23, 2012 deadline based on Griggs' statement.

103. Therafter, the Los Angeles Superior Court clients told Plaintiff that their calls and emails were not being returned by any attorneys or staff at ZLD and that the deadline for filing the attorneys' fee motion for the December 17, 2012 hearing date was not being met.

104. Defendants in fact failed to file the attorneys' fee motion by the November 23, 2012 deadline and shortly thereafter terminated the Los Angeles Superior Court clients as clients, with no reason given.

105. Plaintiff was harmed by Griggs' false statement of November 21, 2012, including because she was not paid the $5,000 retainer replenishment that the Los Angeles Superior Court clients wanted to transfer from ZLD to Plaintiff and Plaintiff would have been able to file a motion for attorneys' fees for the Los Angeles Superior Court clients and potentially recover additional monies that the clients would pay Plaintiff for additional litigation work.

106. Griggs' Jeff Zuber's and Del Duca's statements or omissions were outrageous, malicious, intentional, and calculated to vex and harass Plaintiff, and

violated the California State Bar Act and all reasonable standards of conduct, meriting the imposition of punitive or exemplary damages.

## FIFTH CLAIM FOR RELIEF FOR CONVERSION
### (Against All Defendants)

107. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

108. Plaintiff has a possessory right in her attorney work product, client contact information, business leads and other electronic information stored on her computer and in her ZLD email account.

109. Defendants have wrongfully deprived Plaintiff of her property and converted it to their own use.

110. Plaintiff has been damaged in an amount of at least $25,000 by Deefnants wrongful conversion of her property.

111. Plaintiff is entitled to compensatory damages and restoration of her property by reason of the unlawful taking.

## SIXTH CLAIM FOR RELIEF FOR CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

112. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

113. Defendants have blocked Plaintiff since November 16, 2012 from Plaintiff's ZLD email account, intercepted and diverted her messages, and taken Plaintiff's electronic attorney work product client contact and leads intentionally to obtain an unfair competitive advantage in the market for legal services and otherwise.

114. Defendants' conduct violates the CFAA, the SCA, the FWA, California State Bar Rule of Professional Conduct Rule 1-120 and 3-110.

115. Defendants have violated California's Unfair Competition Law ("UCL") California Business & Professions Code § 17200 et seq.

17

116.  Plaintiff is entitled to statutory penalties and/or specific relief and an injunction curing and preventing Defendants' acts of unfair competition under California Business & Professions Code §§ 17202 and 17203.

## PRAYER FOR RELIEF

1.   WHEREFORE, in consideration of the foregoing, Ms. Borodkin prays for judgment as follows:

2.   A permanent injunction enjoining and restraining Defendant, and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from Preliminarily and permanently enjoining Defendants, their employees, agents, servants, officers, directors, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from

  a.   Accessing Plaintiff's ZLD email account or any other email account controlled by Plaintiff for any reason;

  b.   Intercepting Plaintiff's electronic communications;

  c.   Reading, reviewing, searching, or exposing to any additional persons, including employees or attorneys, Plaintiff's electronic communications dated after November 16, 2012;

  d.   Retaining or using Plaintiff's electronic communications, electronically stored attorney work product, or confidential business information dated after November 16, 2012 for any reason whatsoever;

  e.   Retaining or using Plaintiff's electronic communications or electronically stored attorney work product for any purpose other than that previously made public or directly shared with the original, intended, recipients, and specifically enjoining Defendants and their agents from accessing or viewing

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

Plaintiff's communications with clients of any date to which Defendants and their agents were not previously parties;

f.  Continuing to violate the Parties' Agreement; and

g.  Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

3.  An order for specific and injunctive relief ordering Defendants:

a.  To turn over to Plaintiff in native Microsoft Outlook .pst format a complete set of all emails, including inbox, outbox, drafts, trash and spam folders from Plaintiff's first use of the account lborodkin@zuberlaw.com to the present;

b.  To turn over a complete set of electronic files for all work authored by Plaintiff in her time at ZLD in native Microsoft Word format, whether for clients introduced by Plaintiff to ZLD or worked on by Plaintiff, regardless of origin.

c.  To provide a complete and current accounting in electronic form of all time records for Plaintiff's work at ZLD and for all timekeepers who have ever worked on any matter for a client introduced to ZLD by Plaintiff;

d.  To provide Plaintiff audio files of all voicemails left in Plaintiff's direct dial voicemail account to the present date, as they exist in email audio file form or in any audio format and not deleted by Plaintiff prior to November 16, 2012;

e.  To stop telling callers falsely that Defendants do not have a telephone number for Plaintiff; and

f.  Within thirty (30) days after an order for injunctive or specific relief, to file in this Court a statement from each Defendant under oath certifying how they have complied with the order;

3.    Actual and compensatory damages as Plaintiff has sustained as a result of Defendant's conduct according to proof but at least $75,001.00;

4.    Statutory penalties according to proof;

5.    Disgorge to Plaintiff and pay restitution of monies or anything of value by which Defendants have unjustly enriched themselves;

6.    An accounting under the Agreement and otherwise by the Court;

7.    Enhanced or punitive damages according to proof;

8.    Costs and reasonable attorney fees to be determined by the Court;

9.    Such other and further relief as the Court may deem proper.

Respectfully submitted,

DATED:  January 2, 2013

/s/ _____
Lisa J. Borodkin
4027 Camero Avenue
Los Angeles, CA  90027
lisa_borodkin@post.harvard.edu
Telephone: 323-337-7933
Attorney *pro se* for Plaintiff,
Lisa Jean Borodkin, doing business as
Lisa J. Borodkin, Attorney at Law

---

20

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

# Zuber Lawler & Del Duca

777 S. Figueroa Street · 37th Floor · Los Angeles, CA 90017
Phone: (213) 596-5620 · Fax: (213) 596-5621 · www.zuberlaw.com

Email: tzuber@zuberlaw.com

July 17, 2012

**BY ELECTRONIC MAIL: lisa@lisaborodkin.com**

Lisa J. Borodkin
4027 Camero Avenue
Los Angeles, CA 90027

Re: Counsel Agreement

Dear Lisa:

This Letter Agreement (this "Agreement") confirms the terms the engagement of Lisa J. Borodkin, ("LB"), as Counsel of Zuber Lawler & Del Duca ("ZLD"), a California limited liability partnership, as per the terms below. Hereinafter, LB and ZLD shall from time to time each be referred to as a "Party," and collectively as the "Parties."

1.  LB shall provide Counsel services on an independent contractor basis to ZLD on various matters ("Collaborative Matters"). As full and final consideration for the foregoing, LB shall receive compensation described on Schedule I.

2.  LB acknowledges that as between ZLD and LB, LB is an "independent contractor" and nothing in this Agreement is intended or shall be construed to create with ZLD an employer/employee relationship. LB understands and agrees that ZLD will not withhold on behalf of LB pursuant to this Agreement any sums for income tax, unemployment insurance, social security, or any other withholding pursuant to any law or requirement of any governmental body relating to LB or make available to LB any of the benefits afforded to employees of ZLD and that all such payments, withholding, and benefits, if any, are the sole responsibility of LB.

3.  Each Party represents and warrants that it has full right, power and authority to enter into this Agreement, that all organizational requirements have been met, and that no further consents or approvals are necessary.

4.  Either Party may terminate this Agreement at will (including with respect to any determination by ZLD and LB relating to office space) (although payment obligations properly incurred during the term of this Agreement will survive termination).

5.  Wherever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but in the event any provision contained in this Agreement shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such provision shall be ineffective to the extent, but only to the extent, of such invalidity, illegality, or unenforceability without making ineffective the remainder of such invalid, illegal, or unenforceable provision, or any other provision of this Agreement.

# Zuber Lawler & Del Duca

Lisa J. Borodkin
July 17, 2012
Page 2 of 4

6.   This Agreement contains the full and complete understanding and agreement between the parties with respect to the within subject matter, and supersedes all other agreements between the parties whether written or oral relating thereto, and may not be modified or amended except by a written instrument executed by both you and an authorized Management Committee partner of ZLD. No third party rights shall be created or recognized under this Agreement.

7.   This Agreement may be executed in any number of counterparts, and each such counterpart shall be deemed to be an original instrument, but all such counterparts together shall constitute a single agreement. A signature delivered via facsimile, email, or attachment to email shall be equally as effective as an original signature delivered in-person, via mail, or via any other means.

8.   This Agreement shall in all respects be subject to the laws of the State of California, without regard to any conflict of law principals thereof. Any litigation, arbitration, or other action arising under this Agreement or in connection with the subject matter thereof shall be brought only in the City of Los Angeles in the State of California. The parties hereto hereby waive any right as to personal jurisdiction or venue the exercise of which right would be contrary to the effecting of the foregoing sentence.

Please acknowledge the terms above by signing and dating below.  This Agreement shall not be effective until countersigned by an authorized signatory of Firm.

Sincerely,

Zuber Lawler & Del Duca

Thomas F. Zuber

cc:     Jennifer Clark

Lisa J. Borodkin

Signature of Lisa J. Borodkin, Esq.
Date:   August 6, 2012

Zuber Lawler & Del Duca

By: Partner

23

**Schedule I**

Capitalized terms not defined herein are defined as per the letter (the "Agreement") to which this schedule is attached. As consideration for your services, you shall receive Legal Services Fees and Business Origination Fees to be determined as follows:

Legal Services Fee. You shall be paid legal services fee ("Legal Services Fee") as follows:

> Hourly Fees (as defined in Firm's Prolaw or other billing system) (each Hourly Fee a "HF"): Thirty percent (30%) of all HFs actually earned and collected by Firm for legal services performed by you; or

> Flat Fees (as defined in Firm's Prolaw or other billing system) (each Flat Fee a "FF"): In the event of a FF actually earned and collected by Firm on a matter (or portion of the matter to which the FF applies, if the flat fee covers only a portion of services to be rendered on a matter) ("FM") on which you performed legal services as authorized by Firm, you shall receive a weighted pro rata share of such FF as follows:

> (the number of Firm authorized hours of legal services performed by you on the FM)
> Multiplied by:
> (your standard hourly billing rate (i.e.: on non-flat fee matters))

> Such product divided by the product of:

> (the number of hours of legal services rendered by ALL service providers on the FM)
> Multiplied by:
> (each such service provider's standard hourly billing rate, respectively)

> Such division product multiplied by:

> (the amount of the FF on the FM actually received by Firm)

> The product of all the foregoing multiplied by:

> (30%); or

> Contingency Fees (as defined in Firm's Prolaw or other billing system) (each Contingency Fee a "CF"): In the event of a CF actually earned and collected by Firm on a matter ("CM") on which you performed legal services as authorized by Firm, you shall receive a weighted pro rata share of such CF as follows:

> (the number of Firm authorized hours of legal services performed by you on the CM)
> Multiplied by:
> (your standard hourly billing rate (i.e. on non-contingency matters))

> Such product divided by the product of:

> (the number of hours of legal services rendered by ALL service providers on the CM)
> Multiplied by:
> (each such service provider's standard hourly billing rate, respectively)

24

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action in the foregoing Verified Complaint.

Respectfully submitted,

DATED: January 2, 2013

/s/ _____

Lisa J. Borodkin
4027 Camero Avenue
Los Angeles, CA  90027
lisa_borodkin@post.harvard.edu
Telephone: 323-337-7933
Attorney *pro se* for Plaintiff,
Lisa Jean Borodkin, doing business as
Lisa J. Borodkin, Attorney at Law

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF AND JURY TRIAL DEMAND

1

2  **VERIFICATION OF LISA J. BORODKIN**

3

4      I, LISA JEAN BORODKIN, have read the foregoing **VERIFIED**

5  **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND**

6  **DEMAND FOR JURY TRIAL** and know the contents thereof.  The same is true

7  of my own knowledge, except as to those matters that are therein stated on

8  information and belief, and as to those matters, I believe them to be true.

9      I declare under penalty of perjury under the laws of the State of

10  Washington that the foregoing is true and correct.

11      Executed this 2nd day of January 2013, at Los Angeles, California.

12

13

14  _____

15                    Lisa J. Borodkin

16

17

18

19

20

21

22

23

24

25

26

27

28

27

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV13- 25 DSF  (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
Lisa Jean Borodkin, doing business as Lisa J. Borodkin, attorney at law

**DEFENDANTS**
Zuber, Lawler & Del Duca LLP; Jeffrey John Zuber, Esq.; Patrick Louis Del Duca, Esq.; Johnny Darnell Griggs, Esq.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
same
Lisa J. Borodkin pro se (State Bar No. 196412)
4027 Camero Avenue, Los Angeles, CA 90027 Tel: 323-337-7933

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**75,001.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Computer Fraud and Abuse Act, 18 U.S.C. 1030(a) Defendants intercepted and diverted Plaintiff's email without permission and continue to do so.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:   Case Number:**   CV13-00025

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date January 2, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |