TRISTAN F. MACKPRANG (SBN 223891)
  *tmackprang@zuberlaw.com*
JEFFREY J. ZUBER (SBN 220830)
  *jzuber@zuberlaw.com*
JOHNNY DARNELL GRIGGS (SBN 110640)
  *jgriggs@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California  90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for pro se for Defendants ZUBER LAWLER & DEL DUCA, LLP,
JEFFREY JOHN ZUBER, PATRICK LOUIS DEL DUCA, and JOHNNY
DARNELL GRIGGS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LISA JEAN BORODKIN, doing business as Lisa J. Borodkin, Attorney at Law,<br><br>              Plaintiff,<br><br>          v.<br><br>ZUBER LAWLER & DEL DUCA, a Partnership, JEFFREY JOHN ZUBER, an individual, PATRICK LOUIS DEL DUCA, an individual, JOHNNY DARNELL GRIGGS, an individual, and DOES 1 to 10,<br><br>              Defendants. | Case No. 2:13-cv-00025-DSF (VBKx)<br>*[Assigned to the Hon. Dale S. Fischer, Courtroom 840]*<br><br>**ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## <u>ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT</u>

Defendants Zuber Lawler & Del Duca LLP ("ZLD"), Jeffrey John Zuber ("Zuber"), Patrick Louis Del Duca ("Del Duca"), and Johnny Darnell Griggs ("Griggs") (collectively "Defendants"), hereby answer the Complaint filed by plaintiff Lisa Jean Borodkin ("Plaintiff"), and assert their affirmative defenses as follows:

## JURISDICTION AND VENUE

1.      Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff has alleged three separate claims each raising a federal question.  Except as specifically admitted, Defendants deny the remainder of that Paragraph.

2.      Answering Paragraph 2 of the Complaint, Defendants admit the allegations therein.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that venue is proper in the Central District of California.  Except as specifically admitted, Defendants deny the remainder of that Paragraph, including especially that any acts or omissions by Defendants support Plaintiff's claims.

## PARTIES

4.      Answering Paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, Defendants admit the allegations therein.

6.      Answering Paragraph 6 of the Complaint, Defendants admit the allegations therein.

7.      Answering Paragraph 7 of the Complaint, Defendants admit the allegations therein.

8.      Answering Paragraph 8 of the Complaint, Defendants admit that Griggs is a citizen of the State of California and a non-equity partner of ZLD.  Except as specifically admitted, Defendants deny the remainder of that Paragraph.

9.      Answering Paragraph 9 of the Complaint, Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

2

10.     Answering Paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

11.     Answering Paragraph 11 of the Complaint, Defendants deny the allegations therein.

12.     Answering Paragraph 12 of the Complaint, Defendants deny the allegations therein.

13.     Answering Paragraph 13 of the Complaint, Defendants deny the allegations therein.

14.     Answering Paragraph 14 of the Complaint, Defendants deny the allegations therein.

15.     Answering Paragraph 15 of the Complaint, Defendants deny the allegations therein.

16.     Answering Paragraph 16 of the Complaint, Defendants deny the allegations therein.

17.     Answering Paragraph 17 of the Complaint, Defendants deny the allegations therein.

### PLAINTIFF'S ALLEGED INTERNET LAW PRACTICE

18.     Answering Paragraph 18 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

19.     Answering Paragraph 19 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

20.     Answering Paragraph 20 of the Complaint, Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

23.     Answering Paragraph 23 of the Complaint, Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

24.     Answering Paragraph 24 of the Complaint, Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

25.     Answering Paragraph 25 of the Complaint, Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

### THE CONTRACT BETWEEN PLAINTIFF AND ZLD

26.     Answering Paragraph 26 of the Complaint, Defendants admit that ZLD and Plaintiff explored the potential of Plaintiff collaborating with ZLD to provide

4

1  counsel services to ZLD on an independent contractor basis.  Except as specifically

2  admitted, Defendants deny the remainder of that Paragraph.

3      27.    Answering Paragraph 27 of the Complaint, Defendants admit that

4  Exhibit 1 to the Complaint contains a true and accurate copy of the independent

5  contractor agreement (the "Agreement") between Plaintiff and ZLD, and that such

6  agreement was executed by Plaintiff on August 6, 2012.  Except as specifically

7  admitted, Defendants deny the remainder of that Paragraph.

8      28.    Answering Paragraph 28 of the Complaint, Defendants  deny the

9  allegations therein.

10      29.    Answering Paragraph 29 of the Complaint, Defendants admit that they

11  provided Plaintiff with the use of a ZLD email account at lborodkin@zuberlaw.com,

12  as well as a direct dial telephone number, a voicemail account, and business cards

13  detailing the same, all to be used for firm business only in accordance with the ZLD

14  policies and procedures in place throughout the firm. Except as specifically

15  admitted, Defendants deny the remainder of that Paragraph.

16      30.    Answering Paragraph 30 of the Complaint, Defendants admit that Jeff

17  Zuber and Plaintiff collaborated in obtaining the transfer of client files to ZLD for

18  certain clients that were introduced to ZLD by Plaintiff, including the demand of

19  electronic documents and emails that Jeff Zuber was led by Plaintiff to believe

20  properly belonged in such client files. Except as specifically admitted, Defendants

21  deny the remainder of that Paragraph.

22      31.    Answering Paragraph 31 of the Complaint, Defendants admit that Jeff

23  Zuber sent an email requesting that a firm turn over the entire client where such

24  client was transferring the matter to ZLD. Defendants  are without sufficient

25  knowledge or information to form a belief as to the truth of the remaining

26  allegations contained in said Paragraph, and on that basis deny each and every

27  remaining allegation contained therein.

28

ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

32.     Answering Paragraph 32 of the Complaint, Defendants deny the allegations therein.

## PLAINTIFF'S ALLEGATIONS OF BREACH
## AND INVASION OF PRIVACY

33.     Answering Paragraph 33 of the Complaint, Defendants admit that Del Duca and ZLD's Director of Operations approached Plaintiff in order to have a discussion. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

34.     Answering Paragraph 34 of the Complaint, Defendants admit that Del Duca and ZLD's Director of Operations informed Plaintiff that she was being put on administrative leave, and that Plaintiff must vacate the premises without undue delay. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

35.     Answering Paragraph 35 of the Complaint, Defendants admit that Plaintiff was informed that if she engaged in undue delay, building security would be called to escort her out of the building.  Except as specifically admitted, Defendants deny the remainder of that Paragraph.

36.     Answering Paragraph 36 of the Complaint, Defendants admit that Plaintiff was only  afforded several minutes to gather her things before vacating the premises.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

37.     Answering Paragraph 37 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

38.     Answering Paragraph 38 of the Complaint, Defendants admit the allegations therein.

ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

39.     Answering Paragraph 39 of the Complaint, Defendants admit that they demanded that Plaintiff refrain from speaking with ZLD clients or third parties involved with matters for ZLD clients while a third party investigation was pending. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

40.     Answering Paragraph 40 of the Complaint, Defendants admit that Plaintiff had been managing matters for at least two separate ZLD clients at the time she was put on administrative leave.  Except as specifically admitted, Defendants deny the remainder of that Paragraph.

41.     Answering Paragraph 41 of the Complaint, Defendants  are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

42.     Answering Paragraph 42 of the Complaint, Defendants admit that on November 16, 2012, ZLD terminated Plaintiff's access to the ZLD email account at lborodkin@zuberlaw.com.  Except as specifically admitted, Defendants deny the remainder of that Paragraph.

43.     Answering Paragraph 43 of the Complaint, Defendants admit that on November 16, 2012, ZLD demanded that Plaintiff refrain from coming to ZLD's Los Angeles office while an investigation was pending, and further to direct all communications concerning ZLD clients and matters for which she had been involved with to Griggs. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

44.     Answering Paragraph 44 of the Complaint, Defendants admit that Griggs is a partner with extensive experience with employment law matters. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

45.     Answering Paragraph 45 of the Complaint, Defendants  admit the allegations therein.

7

46.    Answering Paragraph 46 of the Complaint, Defendants deny the allegations therein.

47.    Answering Paragraph 47 of the Complaint, Defendants deny the allegations therein.

48.    Answering Paragraph 48 of the Complaint, Defendants admit the allegations therein.

49.    Answering Paragraph 49 of the Complaint, Defendants deny the allegations therein.

50.    Answering Paragraph 50 of the Complaint, Defendants deny the allegations therein.

51.    Answering Paragraph 51 of the Complaint, Defendants deny the allegations therein.

52.    Answering Paragraph 52 of the Complaint, Defendants deny the allegations therein.

53.    Answering Paragraph 53 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

54.    Answering Paragraph 54 of the Complaint, Defendants admit that Plaintiff represented to Defendants that she consulted the California State Bar Ethics Hotline.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said Paragraph, and on that basis deny each and every remaining allegation contained therein.

55.    Answering Paragraph 55 of the Complaint, Defendants admit that Zuber informed the Los Angeles Superior Court clients that the relationship was being terminated. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

56.     Answering Paragraph 56 of the Complaint, Defendants admit the allegations therein.

57.     Answering Paragraph 57 of the Complaint, Defendants admit the allegations therein.

58.     Answering Paragraph 58 of the Complaint, Defendants deny the allegations therein.

59.     Answering Paragraph 59 of the Complaint, Defendants deny the allegations therein.

60.     Answering Paragraph 60 of the Complaint, Defendants admit that Plaintiff made unreasonable demands that Griggs stop accessing ZLD email accounts and other ZLD property. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

61.     Answering Paragraph 61 of the Complaint, Defendants deny the allegations therein.

62.     Answering Paragraph 62 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

63.     Answering Paragraph 63 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

64.     Answering Paragraph 64 of the Complaint, Defendants deny the allegations therein.

65.     Answering Paragraph 65 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

66.     Answering Paragraph 66 of the Complaint, Defendants admit that Plaintiff demanded that Defendants retrieve and provide all email communications and other work product belonging in the Los Angeles Superior Court client's file, and further asked whether anything short of a court order would accomplish that. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

67.     Answering Paragraph 67 of the Complaint, Defendants deny the allegations therein.

68.     Answering Paragraph 68 of the Complaint, Defendants admit the allegations therein.

69.     Answering Paragraph 69 of the Complaint, Defendants admit that they consider Plaintiff's breaches of the Agreement to obviate their need to pay Plaintiff anything, and that such position is established in the letter. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

70.     Answering Paragraph 70 of the Complaint, Defendants admit that the letter did not offer to turn certain documents over. Except as specifically admitted, Defendants deny the remainder of that Paragraph.

## FIRST CLAIM REGARDING THE COMPUTER FRAUD
## AND ABUSE ACT 18 U.S.C.A. § 1030

71.     Defendants incorporate by reference each and every previous response to the Complaint as if set forth fully herein.

72.     Answering Paragraph 72 of the Complaint, Defendants deny the allegations therein.

73.     Answering Paragraph 73 of the Complaint, Defendants deny the allegations therein.

74.     Answering Paragraph 74 of the Complaint, Defendants deny the allegations therein.

75.     Answering Paragraph 75 of the Complaint, Defendants deny the allegations therein.

10

76.     Answering Paragraph 76 of the Complaint, Defendants deny the allegations therein.

77.     Answering Paragraph 77 of the Complaint, Defendants deny the allegations therein.

78.     Answering Paragraph 78 of the Complaint, Defendants deny the allegations therein.

## SECOND CLAIM REGARDING THE
## STORED COMMUNICATIONS ACT 18 U.S.C.A. § 2701 *ET SEQ.*

79.     Defendants incorporate by reference each and every previous response to the Complaint as if set forth fully herein.

80.     Answering Paragraph 80 of the Complaint, Defendants deny the allegations therein.

81.     Answering Paragraph 81 of the Complaint, Defendants deny the allegations therein.

82.     Answering Paragraph 82 of the Complaint, Defendants admit that certain ZLD computers, servers, and email accounts could be considered "facilities" within the meaning of the Stored Communications Act ("SCA"). Except as specifically admitted, Defendants deny the remainder of that Paragraph.

83.     Answering Paragraph 83 of the Complaint, Defendants deny the allegations therein.

84.     Answering Paragraph 84 of the Complaint, Defendants deny the allegations therein.

85.     Answering Paragraph 85 of the Complaint, Defendants deny the allegations therein.

86.     Answering Paragraph 86 of the Complaint, Defendants deny the allegations therein.

87.     Answering Paragraph 87 of the Complaint, Defendants deny the allegations therein.

88.     Answering Paragraph 88 of the Complaint, Defendants deny the allegations therein.

### THIRD CLAIM REGARDING THE ELECTRONIC COMMUNICATIONS PRIVACY ACT 18 U.S.C.A. § 2510 *ET SEQ.*

89.     Defendants incorporate by reference each and every previous response to the Complaint as if set forth fully herein.

90.     Answering Paragraph 90 of the Complaint, Defendants deny the allegations therein.

91.     Answering Paragraph 91 of the Complaint, Defendants deny the allegations therein.

92.     Answering Paragraph 92 of the Complaint, Defendants deny the allegations therein.

93.     Answering Paragraph 93 of the Complaint, Defendants deny the allegations therein.

94.     Answering Paragraph 94 of the Complaint, Defendants deny the allegations therein.

### FOURTH CLAIM FOR FRAUD

95.     Defendants incorporate by reference each and every previous response to the Complaint as if set forth fully herein.

96.     Answering Paragraph 96 of the Complaint, Defendants deny the allegations therein.

97.      Answering Paragraph 97 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

98.     Answering Paragraph 98 of the Complaint, Defendants deny the allegations therein.

99.   Answering Paragraph 99 of the Complaint, Defendants deny the allegations therein.

100.   Answering Paragraph 100 of the Complaint, Defendants deny the allegations therein.

101.   Answering Paragraph 101 of the Complaint, Defendants admit the allegations therein.

102.   Answering Paragraph 102 of the Complaint, Defendants deny the allegations therein.

103.   Answering Paragraph 103 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

104.   Answering Paragraph 104 of the Complaint, Defendants deny the allegations therein.

105.   Answering Paragraph 105 of the Complaint, Defendants deny the allegations therein.

106.   Answering Paragraph 106 of the Complaint, Defendants deny the allegations therein.

## FIFTH CLAIM FOR CONVERSION

107.   Defendants incorporate by reference each and every previous response to the Complaint as if set forth fully herein.

108.   Answering Paragraph 108 of the Complaint, Defendants deny the allegations therein.

109.   Answering Paragraph 109 of the Complaint, Defendants deny the allegations therein.

110.   Answering Paragraph 110 of the Complaint, Defendants deny the allegations therein.

13

111.   Answering Paragraph 111 of the Complaint, Defendants deny the allegations therein.

## SIXTH CLAIM FOR VIOLATION OF CAL. BUS. & PROF. CODE § 17200

112.   Defendants incorporate by reference each and every previous response to the Complaint as if set forth fully herein.

113.   Answering Paragraph 113 of the Complaint, Defendants deny the allegations therein.

114.   Answering Paragraph 114 of the Complaint, Defendants deny the allegations therein.

115.   Answering Paragraph 115 of the Complaint, Defendants deny the allegations therein.

116.   Answering Paragraph 116 of the Complaint, Defendants deny the allegations therein.

## RESPONSE TO PRAYER FOR RELIEF

117.   To the extent that a denial is necessary, Defendants deny that Plaintiff is entitled to any of the relief requested in her prayer for relief set forth in her Complaint.

## DENIAL OF ALLEGATIONS

118.   Defendants deny any and all allegations contained in Plaintiff's Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

None of the following affirmative defenses raised by Defendants are intended to shift the burden of proof from Plaintiff to any of Defendants where such burden is imposed upon Plaintiff as a matter of law.  Further, Defendants reserve the right to amend or supplement these additional defenses as investigation and discovery progress.

/ / /

/ / /

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (All Obligations Performed)

2.      As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Defendants has fully and/or substantially performed any and all obligations it may have had to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Breach of Contract)

3.      As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that that any obligations owed by them under any alleged contract were excused by Plaintiff's breach of the alleged contract.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4.      As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting on his behalf, consented to and acquiesced in the subject conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is

1  barred in whole or in part from prosecuting the purported causes of action set forth
2  in the Complaint by the doctrine of estoppel.

3                    **SIXTH AFFIRMATIVE DEFENSE**
4                         **(Failure to Mitigate)**

5          6.      As a separate and sixth affirmative defense to the Complaint and each
6  purported cause of action contained therein, Defendants allege that Plaintiff's
7  claims, if any, are barred for their failure, and/or the failure of the persons and/or
8  entities acting on his behalf, to mitigate any purported damages.

9                   **SEVENTH AFFIRMATIVE DEFENSE**
10                        **(Justification/Excuse)**

11         7.      As a separate and seventh affirmative defense to the Complaint and
12  each purported cause of action contained therein, Defendants allege that by virtue of
13  the acts of the Plaintiff, and/or the persons and/or entities acting on his behalf,
14  Plaintiff is barred from prosecuting the purported causes of action set forth in the
15  Complaint because the acts and/or omissions alleged in the Complaint were justified
16  and/or excused.

17                   **EIGHTH AFFIRMATIVE DEFENSE**
18                        **(No Injury or Damage)**

19         8.      As a separate and eighth affirmative defense to the Complaint and each
20  purported cause of action contained therein, Defendants allege that Plaintiff has not
21  been injured or damaged as a proximate result of any act or omission for which
22  Defendants are responsible.

23                    **NINTH AFFIRMATIVE DEFENSE**
24                        **(Parol Evidence Rule)**

25         9.      As a separate and ninth affirmative defense to the Complaint and each
26  purported cause of action contained therein, Defendants allege that Plaintiff's claims
27  are barred by the parol evidence rule.

28  / / /

## TENTH AFFIRMATIVE DEFENSE

### (Performance Excused)

10.     As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Defendants were excused from any performance due from them to Plaintiff under any of the alleged contracts.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prior Material Breach)

11.     As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred by reason of the prior material breach of the agreement or agreements by Plaintiff upon which he bases the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.     As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

13.     As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of waiver.

/ / /

/ / /

/ / /

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Authorization)

14.     As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint because Defendants had authorization to access all ZLD computers on its network, as well as all email accounts owned and maintained by ZLD.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Electronic Service Provider Exception)

15.     As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint because Defendants' conduct was authorized by the persons or entity providing an electronic communications service pursuant to 18 U.S.C.A. § 2701(c)(1).

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Electronic Storage)

16.     As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint because all communications to or from the email account at issue in this action were saved in electronic storage that was owned and maintained by ZLD before any access or distribution of such communications by Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

1    WHEREFORE, Defendants pray that:

2    A.    Plaintiff take nothing by reason of her Complaint;

3    B.    Plaintiff's Complaint be dismissed with prejudice;

4    C.    Defendants recover their reasonable attorney's fees and costs of suit; and

5

6    D.    Defendants be awarded such further relief as the Court deems just and proper.

7    Dated: February 27, 2013                    Respectfully submitted:

8                                                **ZUBER LAWLER & DEL DUCA LLP**

9                                                TRISTAN F. MACKPRANG
                                                 JEFFREY J. ZUBER
10                                               JOHNNY DARNELL GRIGGS

11

12

13                                    By:    ___/s/ Jeffrey J. Zuber_____

14                                           Attorneys for Defendants ZUBER
                                             LAWLER & DEL DUCA, LLP,
15                                           JEFFREY JOHN ZUBER, PATRICK
                                             LOUIS DEL DUCA, and JOHNNY
16                                           DARNELL GRIGGS

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2        Defendants hereby request a trial by jury.

3

4   Dated: February 27, 2013                  Respectfully submitted:

5
                                            **ZUBER LAWLER & DEL DUCA LLP**
6                                            TRISTAN F. MACKPRANG
                                            JEFFREY J. ZUBER
7                                            JOHNNY DARNELL GRIGGS

8

9

10                                 By:   _/s/ Jeffrey J. Zuber_
                                        Attorneys for Defendants ZUBER
11                                       LAWLER & DEL DUCA, LLP,
                                        JEFFREY JOHN ZUBER, PATRICK
12                                       LOUIS DEL DUCA, and JOHNNY
                                        DARNELL GRIGGS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th of February, 2013, I caused a copy of the foregoing to be filed on the CM/ECF system, which shall cause a copy of the foregoing to be delivered upon:

Lisa J. Borodkin
*Lisa_borodkin@post.harvard.edu*
*4027 Camero Avenue*
*Los Angeles, California 90027*
*(323) 337-7933*
*Pro Se for Plaintiff, Lisa Jean Borodkin,*
*doing business as Lisa J. Borodkin, Attorney at Law*

_____/s/   Lani Martinez_____
Declarant, Lani Martinez

ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT